Sean Allen MAURO, Appellant

v.

STATE of Texas, Appellee.

No. 11–06–00257–CR.

Court of Appeals of Texas, Eastland.

Sept. 13, 2007.

Samuel Mehaffey, Mehaffey & Watson, Attorneys at Law, Abilene, for appellant.

James Eidson, District Attorney, Crim. Dist. Atty's Office, Patricia Dyer, Asst. Crim. Dist. Atty's Office, Abilene, for appellee.

Panel consists of WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

RICK STRANGE, Justice.

Sean Allen Mauro was indicted for the aggravated sexual assault of a child under the age of fourteen. The trial court deferred the adjudication of guilt and placed Mauro on community supervision. Approximately one year later, the State filed a motion to adjudicate and revoke community supervision, alleging nineteen violations of the conditions of Mauro's community supervision. Mauro pleaded true to each allegation, and the trial court found that each was true. The trial court ordered a presentence investigation and recessed the hearing.

When the hearing resumed, Mauro asserted several objections to an appendix to the PSI report including hearsay and violation of his right of confrontation. Mauro contended that consideration of the appendix violated his constitutional right of confrontation because he had not been given the chance to cross-examine the appendix's author, Mark Walters. The trial court overruled Mauro's hearsay objections but continued the hearing for thirty days to allow both sides additional opportunity to prepare.

When the hearing resumed, the State advised the trial court that Walters was present and would be called to testify. Mauro re-urged his objections to the appendix. The trial court overruled Mauro's objections, and the State called Walters as its first witness. Walters is a staff therapist with the Taylor County Community Supervision and Corrections Department. The PSI appendix is his treatment summary. Walters testified about that summary and Mauro's treatment history. The State also called the minor victim's mother and grandmother, and Mauro testified on his own behalf. Following the conclusion of the evidence, the trial court adjudicated Mauro guilty of aggravated sexual assault of a child, revoked his community supervision, and assessed his punishment at twenty years confinement.

Mauro challenges the trial court's ruling with two issues. Mauro argues that his constitutional right of confrontation was denied and that this harmed him because the appendix was considered when deciding his sentence. The State responds that we lack jurisdiction, that the issue is moot, that the confrontation clause does not apply to revocation hearings, and that in any event Mauro suffered no harm.

■ The State argues that, because this is an appeal of a revocation proceeding, our jurisdiction is limited by TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon 2006) and that we may not address any issue that is at least partially related to the trial court's decision to adjudicate. We agree that Mauro may not appeal the trial court's decision to adjudicate guilt, but he can appeal the determination of his punishment. *See Hargesheimer v. State*, 182 S.W.3d 906, 910 (Tex.Crim.App.2006). The PSI was ordered after Mauro pleaded true to each of the State's allegations and after the trial court found that those allegations were true. At that point, the only remaining issue was Mauro's punishment, and the only need for a PSI was to assist the trial court in deciding punishment. Whether the trial court erred by considering the PSI report does not involve an appeal of its decision to adjudicate guilt, and we find that we have jurisdiction.

■ We do, however, agree with the State that Mauro's confrontation clause rights were not violated. The Texas Court of Criminal Appeals has not considered whether the confrontation clause applies to a revocation hearing. Several intermediate courts have and thus far each has held

**376**

that the confrontation clause does not apply because a revocation hearing is not a stage of a criminal prosecution.[1] In *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court held that probation revocation is not part of a criminal proceeding and that the State could utilize alternatives to live testimony such as affidavits, depositions, and documentary evidence. We recognize that, subsequent to *Gagnon*, the court held in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), that a defendant's right to confrontation under the Sixth Amendment is violated where testimonial hearsay is admitted at trial and the defendant has not been afforded the prior opportunity to cross-examine the witness. But, as the San Antonio Court pointed out in *Diaz*, *Crawford* applies only to "criminal prosecutions." *Diaz v. State*, 172 S.W.3d 668, 672 (Tex.App.-San Antonio 2005, no pet.). Because a revocation hearing is not a stage of a criminal prosecution, *Crawford* is inapplicable.

Even if we are mistaken and the confrontation clause applies to a revocation hearing, Walters testified live and was subjected to cross-examination. When this occurs, the confrontation clause places no constraints on the use of the witness's prior testimonial statements. *Crawford*, 541 U.S. at 59 n. 9, 124 S.Ct. 1354. We recognize that the trial court overruled Mauro's confrontation clause objection prior to Walters's testimony, but it did so *after* being advised that Walters was present and would testify. Mauro's first issue is overruled. This holding makes it unnecessary to consider his second issue.

1. *See Trevino v. State*, 218 S.W.3d 234, 239 (Tex.App.-Houston [14th Dist.] 2007, no pet.); *Diaz v. State*, 172 S.W.3d 668, 672 (Tex.App.-

The judgment of the trial court is affirmed.

San Antonio 2005, no pet.); *Smart v. State*, 153 S.W.3d 118, 120 (Tex.App.-Beaumont 2004, pet. ref'd).