**AFFIRM; and Opinion Filed July 14, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01131-CR
No. 05-14-01132-CR
No. 05-14-01133-CR

**JERROD DEMOUN PRESTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-72559-I; F14-56011-I; & F14-70597-I**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Evans

Jerrod Demoun Preston appeals his convictions for assault family violence, continued violence against family, and assault family violence enhanced by the prior continued violence against family offense. For the reasons that follow, we affirm the trial court's judgments in all three cases.

### I. Procedural Posture

Pursuant to negotiated pleas, appellant pleaded guilty to the offenses of (1) assault family violence by impeding breathing circulation (05-14-01131-CR, F13-72559-I), and (2) continued violence against family (05-14-01133-CR, F14-70597-I). The trial court placed appellant on deferred adjudication community supervision for six years for each offense. While on community supervision, appellant was indicted for another assault family violence offense

involving the same complainant, enhanced by the previous continued family violence offense (05-14-01132-CR, F14-56011-I). The State moved to revoke community supervision and adjudicate guilt for the first two offenses, alleging appellant violated the conditions of his community supervision by (1) committing a new offense against the complainant on June 18, 2014, and (2) having contact with complainant on June 18, 2014. Appellant pleaded "not true" to the State's allegations.

The only two witnesses to testify at the hearing on the State's revocation/adjudication motions in the first two cases were police officer Cory Wright and appellant. Although the complainant was subpoenaed, she failed to appear. Defense counsel objected to Wright's testimony about what the complainant told him, asserting it violated appellant's "right to cross-examination and confrontation." The trial court overruled the objection and allowed Wright to testify about what the complainant had told him. After the hearing, the trial court adjudicated appellant guilty in the two cases and sentenced him to three years' confinement for each offense.

Later that same day, the trial court held a bench trial with respect to the third family violence offense. The State asked the Court to take judicial notice of Wright's and appellant's testimony in the revocation/adjudication hearing as well as the fact that the State had served the complainant. No other evidence was presented. At the conclusion of the trial, the trial court found appellant guilty and sentenced him to three years' confinement to run concurrently with the sentences for the two other offenses.

With respect to all three offenses, appellant (1) challenges the admission of statements made by the absent, complaining witness to Officer Wright, and (2) contends that without the inadmissible testimony of Officer Wright, the evidence is insufficient to support the trial court's judgments. In three additional issues germane only to the third offense, appellant argues (3) there is insufficient evidence to prove a familial, dating, or household relationship required

for the third offense, (4) complains the record does not sufficiently establish a written jury waiver, and (5) argues no evidence of a prior offense was offered to support the enhancement paragraph.

## II. Violation of the Confrontation Clause

In his first issue, appellant complains the trial court's admission of the complainant's statements to Wright violated his Sixth Amendment right to confront the witnesses against him. The Confrontation Clause provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend VI. Its purpose is to ensure protection against ex parte examinations of the sort found problematic in civil law, including interrogations by law enforcement officers. *See Crawford v. Washington*, 541 U.S. 36, 50, 68 (2004). By its express terms, however, the Confrontation Clause applies only to "criminal prosecution." U.S. Const. amend VI. Probation revocation is not a stage of "criminal prosecution" and, thus, the Sixth Amendment does not apply to such proceedings. *See Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2011, no pet.); *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Smart v. State*, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2005, pet. re'd).

To the extent that appellant complains his Sixth Amendment rights were violated in the revocation/adjudication hearing, we note that revocation proceedings involving deferred adjudication community supervision, like regular probation revocation, is not a stage of "criminal prosecution." *See Mauro v. State*, 235 S.W.3d 374, 376 (Tex. App.—Eastland 2007, pet. ref'd.) (applying general rule that probation revocation proceedings are not a phase of criminal prosecution for purposes Sixth Amendment to deferred adjudication revocation

proceedings).[1] Deferred adjudication community supervision differs from regular probation by allowing a defendant who pleads guilty to an offense and who successfully completes community supervision to avoid "conviction." But the only issue to be determined by the trial court in a deferred adjudication revocation proceeding is whether to proceed with an adjudication of guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2014). The issue of the defendant's guilt is determined in the initial plea proceeding. Because the deferred adjudication revocation proceedings are not a phase of criminal prosecution for Sixth Amendment purposes, the trial court did not err in overruling defense counsel's objection and admitting Wright's testimony at the revocation/adjudication hearing.

Appellant also asserts his Sixth Amendment rights were violated when the trial court took judicial notice of the complained-of testimony in the bench trial on appellant's third offense. Our review of the record, however, reveals that appellant did not object. At the trial before the court, the State asked the trial court to take judicial notice of Wright's and appellant's testimony in the revocation hearing, and then rested. Defense counsel then stated, "And, Your Honor, we concur with that. We just had that – the trial on the probation revocation. We believe it would be the exact same evidence at a final trial before the court." A defendant waives his constitutional right to confront witnesses absent a timely and specific objection at trial on the basis of his right to confrontation. *See* TEX. R. APP. P. 33.1; *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Because appellant did not object to the trial court's taking judicial notice of Wright's testimony at the bench trial, he has waived his Confrontation Clause

---

[1] *See also Riley v. State*, Nos. 05-13-00900-CR and 05-13-00901-CR, 2014 WL 1856845 *3 (Tex. App.—Dallas May 8, 2014, pet. ref'd) (mem. op., not designated for publication) (because defendant's guilt already determined in prior plea proceedings, revocation of deferred adjudication community supervision was not a phase of 'criminal prosecution' for purposes of Sixth Amendment); *Gutierrez v. State*, No. 05-11-01380-CR, 2013 WL 3533549 at *2 (Tex. App.—Dallas July 12, 2013, pet. ref'd) (mem. op., not designated for publication) (same).

complaint as it relates to the third assault family violence offense. We overrule appellant's first issue.

### III. Sufficiency of Evidence

In his second issue, appellant challenges the sufficiency of evidence to support his convictions in all three cases. Specifically, appellant argues that once Officer Wright's testimony is disregarded, the evidence is insufficient to support the third family assault conviction and the two earlier judgments adjudicating guilt. Appellant's third issue similarly asserts that without Wright's testimony, there was insufficient evidence that the complainant had a familial, dating, or household relationship with appellant to support his third assault family violence conviction.

When we conduct a sufficiency review, we consider all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 316–17 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). "Our review of 'all the evidence' includes evidence that was properly and improperly admitted." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001)).

With regard to appellant's third assault family violence conviction, we consider whether any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307 at 318. The essential elements of assault are that (1) defendant, (2) intentionally, knowingly, or recklessly, (3) caused bodily injury to another. *See* TEX. PENAL CODE ANN. § 22.01(a) (West Supp. 2014). The offense constitutes assault family violence of the third degree if it is shown at trial that the defendant has been previously convicted of an assault offense against a person whose relationship to the defendant is

–5–

described as a "dating relationship" by section 71.0021(b) of the family code. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(a). For purposes of section 71.0021(b), "dating relationship" is defined as a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. *See* TEX. FAM. CODE ANN. § 71.0021(b) (West 2014).

With respect to appellant's judgments adjudicating guilt, we note the determination of an adjudication of guilt is reviewable under the same standard used to review a trial court's revocation of community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (West Supp. 2014). We review such orders for an abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). When reviewing a trial court's revocation, a reviewing court must ensure the State proved by a preponderance of the evidence that a condition of community supervision was violated. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). Merely one violation of a community supervision condition will suffice to support the trial court's revocation of community supervision. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

Appellant's sufficiency argument is premised on his belief that Wright's testimony was inadmissible. But as previously noted, even evidence improperly admitted is considered in our sufficiency review. *See Clayton v. State*, 235 S.W.3d at 778. Moreover, we have already considered and rejected appellant's complaint regarding the inadmissibility of Wright's testimony. By negative inference, appellant's argument essentially concedes that with Wright's testimony there is sufficient evidence. Nevertheless, we will briefly review the evidence.

At the revocation/adjudication hearing, appellant testified about the events on June 18, 2014 that resulted in his third assault offense. Appellant took his child to a local hangout that he called the "Clubhouse" to look for appellant's mother. There, appellant encountered the complainant, who is the mother of his child. According to appellant, after he walked into the

–6–

Clubhouse, the complainant went to appellant's car and took the child out of the car because she was angry. Appellant admitted that he talked "bad" to complainant and "exchanged some radical words" to her. He denied touching the complainant during their encounter.

Officer Wright responded to the situation after the alleged incident occurred. He testified that when he approached the complainant, she was by herself and appeared "upset," "shaken up," and "nervous" with a recent small cut on her left eyebrow. Wright testified that the complainant told him she, the baby, and appellant were in appellant's car when an argument ensued. She told Wright that after she got out of the car, appellant punched her, causing her to fall to the ground while holding their child. The complainant said that after she got up, appellant started attacking her a second time before she was able to get away.

By the time Wright arrived on the scene and began questioning her, the complainant no longer had the baby with her. The complainant told Wright that she and appellant had been dating for five years and were living together at his mother's residence. It was not until after Wright began typing his report that he saw appellant and arrested him.

With respect to appellant's third offense, we conclude a rational fact-finder could have found the essential elements of assault family violence beyond a reasonable doubt. Wright's testimony about the complainant's statements supports the conclusion that appellant intentionally caused bodily injury to the complainant by deliberately punching her. In addition, Wright's testimony that appellant and the complainant dated for five years, lived together, along with evidence that appellant and the complainant had a child together, at a minimum, supports a finding they once shared a continuing intimate relationship. A past continuing relationship of an intimate nature is sufficient to qualify as a "dating relationship." *See* TEX. FAM. CODE ANN. § 71.0021(b). Further, appellant previously pleaded guilty to assault family violence by impeding breathing circulation and to continuous violence against family, each of which

–7–

involved the same complainant. Given appellant's past charges and evidence, a rational fact-finder could have found beyond a reasonable doubt that appellant and the complainant were in a dating relationship.

Moreover, the above evidence was sufficient to establish appellant violated the conditions of his community supervision in the two deferred adjudications as alleged by the State. In its amended motions to revoke community supervision and adjudicate guilt in his two previous cases, the State alleged appellant violated condition (a) of his community supervision by committing assault family violence on June 18, 2014 and (q) had contact with complainant on June 18, 2014.[2] According to Wright's testimony, on June 18, 2014, appellant assaulted and made contact with the complainant. Appellant also testified that he went to the Clubhouse and while there exchanged "some radical words" with the complainant when he encountered her. Because the evidence supports a finding that appellant violated both conditions (a) and (q) of his community supervision by a preponderance of the evidence, the trial court did not abuse its discretion in revoking his community supervision in the two deferred adjudication cases.[3] We overrule appellant's second and third issues.

## IV. Jury Waiver

In his fourth issue, appellant asserts that the record does not sufficiently establish that he waived his right to a jury with respect to the third offense that was ultimately tried before the

---

[2] In relevant part, condition (a) of appellant's community supervision required that he "Commit no offense against the laws of this or any other State or the United States." Condition (q) of appellant's community supervision provided, "Do not have any form of contact, be it in person, by mail, telephone or any form of communication with [complainant] directly or indirectly, for the duration of the Supervision Term." In the case involving assault family violence by impeding breathing circulation, the State also alleged appellant violated condition (j) of his community supervision by not paying fees and being currently delinquent in the amount of $120.

[3] Appellant argues there is no evidence that he made contact with complainant through his own volition, that any contact was unintentional and initiated by complainant. Even assuming appellant did not intend to initiate contact with the complainant, the condition expressly prohibits contacting or communicating with complainant without regard to appellant's intention. In addition, appellant did not explain in his testimony or in his appellate brief how appellant's speaking "radical words" to the complainant was involuntary.

court.  The State concedes that there is no written jury waiver in the record, but argues any error from its absence is harmless in this case.  We agree with the State.

In *Johnson v. State*, 72 S.W.3d 346 (Tex. Crim. App. 2002), the court of criminal appeals addressed the issue of whether the failure to obtain a written jury waiver pursuant to article 1.13 of the code of criminal procedure was harmful.  *Id*.  In concluding on the record of the case the error was harmless, it reasoned that a recitation in the judgment of conviction that the defendant "waived trial by jury" was controlling in absence of direct proof of its falsity.  *Id*. at 349.  Here, as in *Johnson*, the judgment of conviction in appellant's offense recites that appellant "waived the right of trial by jury."  Additionally, the record reflects that immediately after the trial court called the case for trial, it stated, "There's a jury waiver signed by Mr. Preston and his attorney and the State and myself."  No party objected to the trial court's statement.  Moreover, the trial court's docket sheet contains the statement "jury waived in writing" dated and signed by the trial judge.  Appellant has not presented any evidence that the trial court's statement on the record, notation on the trial court docket, or the recitation in the judgment were false.  *See id*.  Nor does he contend, or the record reflect, that appellant was unaware of his right to a jury trial.  *See id*.  Because the absence of the written jury waiver from the record does not affect appellant's substantial rights, any error is harmless and will not support a reversal.  *See* TEX. R. APP. P. 44.2(b); *Johnson*, 72 S.W.3d at 349.  We overrule appellant's fourth issue.

### V.  Enhancement

In his fifth issue, appellant complains only that there was no evidence of a prior offense to support the enhancement of his third assault family violence conviction.  Specifically, he argues "At no time was any 'evidence' offered on the prior, nor did the State ask to re-open the evidence. The court's file from the previous proceeding was not offered, nor was the court asked to take judicial notice thereof."

The indictment in the third case contained an enhancement paragraph based on appellant's previous offense of continued violence against the family. To establish appellant was convicted of a prior offense, the State must prove beyond a reasonable doubt that a prior conviction exists and appellant is linked to that conviction. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). No specific method of proof or particular documentation of the prior conviction is required. *Id.*

Under evidence rule 201, a trial court has discretion to take judicial notice of an adjudicative fact, such as the fact of a defendant's prior conviction, without being asked and may do so at any stage of the proceeding. *See Kubosh v. State*, 241 S.W.3d 60, 65–66 (Tex. Crim. App. 2007). In a criminal case, a trial court may judicially notice its own records and proceedings, including all judgments and convictions entered by it, and take judicial notice that a defendant was previously convicted by the court. *See Turner v. State*, 733 S.W.2d 218, 221–22 (Tex. Crim. App. 1987).

As noted above, all three of appellant's cases at issue were heard on the same day. Before the bench trial, the trial court had revoked appellant's community supervision and adjudicated appellant guilty for the offenses of assault family violence by impeding breathing circulation and continued violence against family. At the bench trial, both the State and defense counsel acknowledged that, earlier that day, the trial court completed the revocation/adjudication hearing on appellant's prior two offenses and that the evidence in the bench trial would be the same as that offered in the revocation/adjudication hearing. Based on the record before us, there was sufficient evidence of appellant's prior offense to support the enhancement. We overrule appellant's fifth issue.

We affirm the trial court's judgments.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

141131F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JERROD DEMOUN PRESTON, Appellant

No. 05-14-01131-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas

Trial Court Cause No. F13-72559-I

Opinion delivered by Justice Evans, Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of July, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JERROD DEMOUN PRESTON, Appellant

No. 05-14-01132-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F14-56011-I
Opinion delivered by Justice Evans, Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of July, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JERROD DEMOUN PRESTON, Appellant

No. 05-14-01133-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas

Trial Court Cause No. F14-70597-I

Opinion delivered by Justice Evans, Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of July, 2015.