**Opinion filed October 15, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00322-CR

_____

## OSIEL JOSE ALVAREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-41,501**

## M E M O R A N D U M   O P I N I O N

Osiel Jose Alvarez appeals the trial court's judgment adjudicating guilt for aggravated assault with a deadly weapon. In three issues on appeal, Appellant asserts the following: (1) the trial court erred in assessing a $12,500 fine for a second-degree felony; (2) the trial court erred in allowing a detective to offer an out-of-court statement made to him during the course of his investigation; and (3) the evidence was legally insufficient to support the trial court's finding that he evaded

law enforcement.  We modify the judgment of the trial court to reflect a fine of $10,000 and, as modified, affirm.

*Background Facts*

In January of 2013, Appellant was indicted on four counts of aggravated assault with a deadly weapon.  On July 15, 2013, pursuant to a plea agreement, Appellant was placed on deferred adjudication community supervision for ten years and was ordered to pay a fine of $2,500.  The State subsequently filed a motion to adjudicate guilt that alleged two violations of the terms of Appellant's community supervision: (1) that Appellant committed the offense of credit card abuse on August 1, 2013, and (2) that Appellant committed the offense of evading arrest or detention on August 1, 2013.  The trial court conducted a revocation hearing on September 23, 2013, and found both of the State's allegations to be true.

At the adjudication hearing, Detective Randy Vest of the Odessa Police Department testified that, on August 1, 2013, he was informed of a robbery at an H.E.B. and that the victim's credit cards had been stolen.  Detective Vest learned that the stolen credit cards had been used multiple times following the robbery and, by speaking with employees at the stores where the cards were used, obtained a description of the two suspects: a Hispanic male wearing a striped shirt and a Hispanic female wearing a purple shirt.

One of the credit cards was used at a GameStop store.  Detective Vest contacted the GameStop store in advance of arriving there to conduct his investigation.  He received a call back from an employee of the GameStop store to alert him that the couple who had used the credit card had returned to the store and were trying to return merchandise.

Officer Paul Hurley of the Odessa Police Department arrived at the GameStop store in uniform while the suspects were still inside the store.  At least two other officers in uniform arrived at the scene in marked patrol cars.  Officer Hurley

2

testified that the suspects came outside the store, at which time he instructed them to go back inside the store.

The male suspect asked a GameStop employee, "[W]hy did you call the cops?" Then the couple fled through the back door. Officer Hurley gave chase and yelled, "[S]top, police!" but was unsuccessful in apprehending the couple. Video surveillance footage captured by GameStop security cameras corroborated the officer's testimony regarding Appellant's escape, as did a GameStop employee who positively identified Appellant at the hearing.

Subsequent to Appellant's escape from the GameStop store, Detective Vest questioned Amelio Acosta, a passenger in a vehicle parked in front of the GameStop store. Detective Vest testified that Acosta informed him that the man fleeing through the back of the store was "Osiel." Appellant objected, alleging that the testimony constituted hearsay and that it violated his right to confront and cross-examine Acosta. The trial court overruled Appellant's objection. Following the incident at the GameStop store, officers secured an arrest warrant, leading to the eventual arrest of Appellant.

The trial court found the allegations of evading arrest or detention and credit card abuse to be true and adjudicated Appellant guilty of the offense of aggravated assault with a deadly weapon. The trial court sentenced Appellant to confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of twenty years and assessed a $10,000 fine in open court. However, the written judgment adjudicating guilt reflects a fine of $12,500.

*Analysis*

In his first issue, Appellant asserts that the trial court erred in assessing a fine of $12,500 for aggravated assault with a deadly weapon, a second-degree felony, because the maximum fine for a second-degree felony is $10,000. *See* TEX. PENAL CODE ANN. §§ 12.33(b), 22.02 (West 2011). The State agrees that the maximum

3

applicable fine was $10,000 and that the judgment should be modified. However, the parties disagree on the appropriate amount of the fine to be assessed in the modified judgment. Appellant contends that the new fine amount should be $2,500, based upon the fine assessed in the original judgment placing Appellant on deferred adjudication. The State contends that the new fine amount should be $10,000, based upon the trial court's oral pronouncement at the hearing on the motion to adjudicate guilt. We agree with the State's contention.

The State cites *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004), for the proposition that, "when an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." Pursuant to *Taylor*, the fine of $2,500 previously imposed by the trial court in this case was set aside when the trial court subsequently adjudicated Appellant's guilt. *See id.*

At the conclusion of the hearing adjudicating Appellant's guilt, the trial court orally pronounced a fine of $10,000. When there is a variation between the oral pronouncement of the sentence and the written memorialization of the sentence, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). We sustain Appellant's first issue in part. We modify the judgment adjudicating guilt to impose a fine of $10,000. *See* TEX. R. APP. P. 43.2(b).

In his second issue, Appellant asserts that the trial court erred in allowing Detective Vest to testify regarding how he obtained Appellant's name from the person sitting inside the vehicle parked in front of the GameStop store. The challenged testimony occurred during the following exchange between the prosecutor and Detective Vest on direct examination:

> Q: Okay. I am sorry. I called him the driver. What happened then?

4

A: While interviewing Acosta, while the officers are out looking for the actors, according to the GameStop employees, the people that were inside took off running out the back doors.

Q: Okay.

A: I stayed there with Acosta, who I had detained. I interviewed Acosta and he gave the name of Osiel.

Appellant objected to Detective Vest's response on the basis that Acosta's statement to him identifying Appellant constituted hearsay and violated his constitutional rights of confrontation.[1] Appellant presents these same contentions in his second issue. After the trial court overruled Appellant's objection, Detective Vest testified that Acosta identified Appellant by name.

As noted previously, Appellant cited both the United States Constitution and the Texas constitution in making his objection to the trial court on confrontation grounds. However, he has not asserted that the state provision in Article I, section 10 provides any greater protection than its federal counterpart. Therefore, we analyze his appellate claim based solely upon the United States Constitution. *See Lagron v. State*, 942 S.W.2d 602, 612 (Tex. Crim. App. 1997). We review a trial court's evidentiary ruling on a Confrontation Clause objection de novo. *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006).

The Confrontation Clause by its own terms applies only to "criminal prosecutions." U.S. CONST. amend VI. We held in *Mauro v. State* that a proceeding to adjudicate guilt in the deferred adjudication context is not a phase of "criminal prosecution" for the purpose of the Sixth Amendment. 235 S.W.3d 374, 376 (Tex. App.—Eastland 2007, pet. ref'd). In this regard, the issue of a defendant's guilt for the offense is determined in the initial plea proceedings, and the only issue to be

---

[1]Appellant cited both the Sixth Amendment to the United States Constitution and Article I, section 10 of the Texas constitution in his objection.

5

determined in the revocation proceedings is whether to proceed with an adjudication of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2014). The underlying proceeding to consider the State's motion to adjudicate Appellant's guilt was not a phase of criminal prosecution for purposes of the Sixth Amendment. Accordingly, the trial court did not err in overruling Appellant's objection under the Confrontation Clause. *Mauro*, 235 S.W.3d at 376.

Appellant also objected to Detective Vest's testimony on hearsay grounds. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Wall*, 184 S.W.3d at 743. A trial court abuses its discretion only if its decision "lies outside the zone of reasonable disagreement." *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We consider the ruling in light of what was before the trial court at the time the ruling was made and uphold the trial court's decision if it lies within the zone of reasonable disagreement. *Billodeau v. State*, 277 S.W.3d 34, 39 (Tex. Crim. App. 2009).

Hearsay is a statement, other than one made by the declarant while testifying at trial, that is offered to prove the truth of the matter asserted. TEX. R. EVID. 801(d). A statement not offered to prove the truth of the matter asserted is not hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). The State may offer out-of-court statements into evidence without violating the hearsay rule to explain why the defendant became the subject of the investigation by law enforcement officials. *Id.* Extrajudicial statements of this type are not inadmissible hearsay because they are not admitted to prove the truth of the matter asserted. *Id.* Detective Vest provided Acosta's name as part of his explanation of how Appellant became a suspect in the case. Accordingly, the trial court did not err in overruling Appellant's hearsay objection.

Moreover, even if the trial court had erred in overruling Appellant's Confrontation Clause and hearsay objections, such errors are subject to a harm

6

analysis. *See* TEX. R. APP. P. 44.2; *Rubio v. State*, 241 S.W.3d 1, 3 (Tex. Crim. App. 2007) ("[A]ny Confrontation Clause violation, once proven, is subject to harmless error analysis."); *Clay v. State*, 240 S.W.3d 895, 905–06 (Tex. Crim. App. 2007) (conducting harmless error analysis on hearsay). When a trial court erroneously admits hearsay, but the matter asserted by the out-of-court statement is otherwise established through other admitted evidence, no harm is done to the party challenging the hearsay. *See Clay*, 240 S.W.3d at 905–06 (holding that erroneously admitted hearsay "established little, if anything, negative about appellant that was not also well established by the properly admitted evidence" and was therefore harmless). The same rule applies with respect to evidence elicited in violation of the Confrontation Clause. *See Davis v. State*, 203 S.W.3d 845, 853–56 (Tex. Crim. App. 2006) (observing that testimony admitted in violation of the Confrontation Clause was cumulative of other admitted evidence and that any error was harmless beyond a reasonable doubt). Acosta's out-of-court statement identifying "Osiel" as the person who exited through the back of the GameStop store was cumulative of, and corroborated by, the GameStop surveillance video showing Appellant fleeing through the back door. Additionally, a GameStop employee identified Appellant as the person who fled the store, and officers at the scene positively identified Appellant at trial as the man who fled the store. Therefore, no harm occurred from the admission of Acosta's out-of-court statement. We overrule Appellant's second issue.

In his third issue, Appellant asserts that the evidence was legally insufficient to support the trial court's finding that he evaded law enforcement and, thus, violated a term of his community supervision. A trial court's decision to revoke community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). At a revocation hearing, the State has the burden to show by a preponderance of the evidence that the defendant committed a violation

of the conditions of his community supervision. *Id.* at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion if it revokes the community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984). The trial court is the sole judge of the credibility of the witnesses and the weight given to their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981).

Appellant does not challenge the "true" finding on the charge of credit card abuse. When more than one violation of the terms of community supervision is found by the trial court, we will affirm the order revoking community supervision if the State proved any violation by a preponderance of the evidence. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." (quoting *Jones v. State*, 571 S.W.2d 191, 193 (Tex. Crim. App. [Panel Op.] 1978)). The trial court's judgment should be affirmed if the appellant does not challenge all of the grounds on which the trial court revoked community supervision. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("Thus, in order to prevail, appellant must successfully challenge all the findings that support the revocation order."). Accordingly, we do not address Appellant's third issue challenging the evidence supporting the State's ground that he evaded law enforcement because we would still be required to affirm the trial court's judgment adjudicating guilt based upon the unchallenged finding of "true" for credit card abuse. *Id.*

*This Court's Ruling*

We modify the trial court's judgment adjudicating guilt to reflect the imposition of a fine in the amount of $10,000. As modified, the judgment adjudicating guilt is affirmed.


JOHN M. BAILEY

JUSTICE


October 15, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.