**Affirmed as Modified; Opinion Filed November 6, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00638-CR
### No. 05-14-00639–CR

**ZANTAR LADON KELLY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-00158-S & F07-60023-S**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

Appellant Zantar Ladon Kelly appeals the revocation of his probation or adjudication of guilt for indecency with a child[1] and possession with intent to deliver a controlled substance (cocaine).[2] In cause number 05–14–00639–CR, the possession case, appellant pleaded guilty to the offense, the trial court deferred adjudication, placed appellant on five years of community supervision, and imposed a $1000 fine. In cause 05–14–00638–CR, the indecency case, appellant pleaded no contest, the trial court again deferred adjudication, placed appellant on five years of community supervision, and imposed a $2500 fine. In both cases, the State subsequently filed motions to proceed with an adjudication of guilt based on various violations

---

[1] Appeal number 05-14-00638-CR; trial court cause number F13-00158-S.

[2] Appeal number 05-14-00639-CR: trial court cause number F07-60023-S.

of the terms of appellant's community supervision. Appellant entered pleas of not true, and following an evidentiary hearing, the trial court granted the State's motions and adjudicated appellant's guilt. The trial court sentenced appellant to twenty-five years' confinement in the possession case and ten years in the indecency case. In one issue, appellant contends the trial court abused its discretion by adjudicating appellant's guilt. As modified, we affirm the trial court's judgments.

## STANDARD OF REVIEW

A trial court's determination to proceed with an adjudication of guilt is reviewable in the same manner as a revocation hearing. *See Aranda v. State*, No. 04–07–01490–CR, 2009 WL 521899, at *1 (Tex. App.—Dallas March 3, 2009, no pet.) (not designated for publication). Appellate review of an order adjudicating guilt and revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining questions concerning sufficiency of the evidence in revocation cases, the burden of proof is by a preponderance of the evidence. *Id*. An order adjudicating guilt and revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of community supervision. *Id*. at 763–64. Proof of even a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd.). Thus, in order to prevail, appellant must successfully challenge all the findings that support the revocation order. *See Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978); *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, no pet.).

## DISCUSSION

In his issue, appellant contends the trial court abused its discretion by adjudicating appellant's guilt based on legally insufficient evidence.

The record shows that both of the motions to revoke appellant's community supervision and proceed with an adjudication of guilt alleged the following violations of the terms of appellant's community supervision:

(a) Defendant did violate condition (a) by violating the laws of the State of Texas in that on or about July 13, 2013 in Dallas County, Texas, s(he) did commit the offense of Sexual Assault.

(d) Defendant did violate condition (d) in that s(he) did not report to the community supervision office as directed by Judge Chatham for the date of July 12, 2013 and to Supervision Officer McClinton on July 16, 2013, July 26, 2013, and August 1, 2013.

(f) Defendant did violate condition (f) if [sic] that s(he) failed to work faithfully at suitable employment as ordered by the Court.

(j) Defendant did violate condition (j) in that s(he) did not pay community supervision fees as directed and is currently delinquent.

(k) Defendant did violate condition (k) in that s(he) did not pay the Crime Stoppers payment as ordered by the court and is currently delinquent.

The motion to adjudicate in 05–14–00638–CR also alleged the following violations:

(p) Defendant failed to refrain from contact with any child 17 years of age or younger, directly or indirectly;

(q) Defendant was within 1000 feet of any premise where children 17 years of age or younger congregate or gather;

(v) Defendant possessed, acquired, obtained, retained, or reviewed journalistic, video photographic, electronic, compact disk, computer-generated or computer originated material, or material generated by an individual or material that was sent or received by electronic mail that is sexually-oriented and/or portrays nudity or a child or an adult;

(x) Defendant failed to pay a Sex Offender fee of $5.00 per month to the Sex Offender Fund, and is currently delinquent;

(y) Defendant failed to participate in counseling through An Approved Registered Sex Offender Treatment Provider and continue in counseling as required making

–3–

observable deliberate and diligent effort to comply with all directives and Instructions provided by The Registered Sex Offender Treatment Provider or its staff.

During the May 9, 2014 adjudication hearing, the State presented testimony from Lee McClinton, a probation officer who was responsible for supervising appellant and other sex offenders. Among other things, McClinton testified, without objection from the defense, regarding a sexual assault appellant admitted committing. According to the probation officer, , when McClinton asked appellant about his sexual encounters, he told her "he had hurt a friend that he had for 20 years." Continuing this line of questioning, McClinton asked appellant to elaborate. He said a female friend had picked him up and drove him to her Garland apartment. While they were there, appellant and the woman flirted all night long. Although appellant did not drink, his friend "was drinking in excess" and eventually "passed out." After she passed out, appellant "proceeded to have sex with her." McClinton told appellant he had committed rape. Appellant replied "he did not believe that that was wrong even though he admitted as well that she was passed out," and he "said it wasn't wrong because she was flirting with him prior to passing out and that she was also a friend of his for 20 years." After appellant left her office, McClinton contacted the Dallas Police Department and the Garland Police Department to see if this sexual assault had been reported. The Dallas Police Department had no matches, but the Garland Police found a police report "detailing exactly what [appellant] had described to [McClinton]." The victim detailed a sexual assault that matched the offense appellant described to McClinton, including the time and place, and the victim identified appellant by name.

During the adjudication hearing, McClinton also testified, again without objection from the defense, regarding appellant's violations of conditions (d), (f), (j), and (k) of the terms of community supervision. At the conclusion of the hearing, the trial court found, "[b]ased on the evidence, based on the testimony," that appellant had violated the terms of his community

–4–

supervision. The court adjudicated appellant's guilt and sentenced him to twenty-five years' confinement in the possession case and ten years in the indecency case.

As part of his issue on appeal, in addition to challenging the sufficiency of the evidence supporting the trial court's adjudication of his guilt, appellant also argues that McClinton's testimony regarding the police report, which appellant contends was hearsay, violated his Sixth Amendment right to confront the witnesses against him and implicated the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004). While we question our ability to address a Confrontation Clause issue in the context of a revocation proceeding, our review of the record shows appellant did not preserve such an issue for appellate review. *Mauro v. State*, 235 S.W.3d 374, 376 (Tex. App.—Eastland 2007, pet. ref'd). McClinton testified about the victim's out-of-court statements during her direct examination, but appellant did not raise any Sixth Amendment or Confrontation Clause claim. Indeed, appellant raised no objections whatsoever during the probation officer's direct examination. Only after the trial court adjudicated his guilt did appellant raise the admissibility of the out-of-court statements, but that complaint was about "hearsay" rather than the Confrontation Clause. A defendant waives his constitutional right to confront witnesses absent a timely and specific objection on the basis of his right to confrontation. *See* TEX. R. APP. P. 33.1; *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Accordingly, appellant did not preserve this argument for appellate review.

As for the sufficiency of the evidence, the record shows the State presented evidence of four separate violations of the terms of appellant's community supervision—any one of which would support the trial court's ruling. The State proved appellant committed four technical violations. First, the State alleged appellant did not report as directed on July 16, 2013, July 26, 2013, and August 01, 2013. McClinton testified that appellant was instructed to report to her three times a month, but he did not comply. Second, the State asserted appellant "failed to work

faithfully at suitable employment as ordered by the Court." McClinton confirmed appellant "was not employed." She added that "he advised me that he was securing employment, but he never showed me evidence of any type of employment." Third, the State's motions claimed appellant "did not pay community supervision fees as directed and is currently delinquent." Regarding this violation, McClinton testified appellant did not pay community supervision fees and was $924 delinquent on his probation fees. Finally, the State's motions alleged appellant "did not pay the Crime Stoppers payment as ordered by the court and is currently delinquent." McClinton testified that appellant did not make a Crime Stoppers payment.

Proof of even one of the above violations would support the trial court's decision. *See Sanchez*, 603 S.W.2d at 871. Given that the State presented undisputed evidence of four separate violations of the terms of appellant's community supervision, his complaint regarding the sufficiency of the evidence is irrelevant. We overrule appellant's issue.

We also note that the written judgments adjudicating guilt in both of the above cases incorrectly state that appellant pleaded "true" to the State's motions to adjudicate. During the evidentiary hearing, however, appellant's counsel indicated his client was pleading "not true" to the allegations contained in the State's motions. Accordingly, because the necessary information is the record for us to do so, we will reform the judgments adjudicating guilt to show appellant pleaded "not true" to the allegations in the State's motions to adjudicate. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments.

/s/ Lana Myers
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140638F.U05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ZANTAR LADON KELLY, Appellant

No. 05-14-00638-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F13-00158-S.
Opinion delivered by Justice Myers. Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

"PLEA TO MOTION TO ADJUDICATE:  TRUE" should be changed to "PLEA TO MOTION TO ADJUDICATE:  NOT TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of November, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZANTAR LADON KELLY, Appellant

No. 05-14-00639-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-60023-S.
Opinion delivered by Justice Myers. Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> "PLEA TO MOTION TO ADJUDICATE:  TRUE" should be changed to "PLEA TO MOTION TO ADJUDICATE:  NOT TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of November, 2015.