

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00245-CR

HICKMAN SCOTT WALLACE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-22-28460

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

A Fannin County jury found Hickman Scott Wallace guilty of first-degree-felony continuous sexual abuse of a child under fourteen, Rosey Smith.[1]  *See* TEX. PENAL CODE ANN. § 21.02(b) (Supp.).  The jury assessed Wallace's punishment at life in prison.  Wallace appeals.

On appeal, Wallace raises three points of error:  (1) he was denied effective assistance of counsel because his trial counsel (a) failed to question the jury panel as to any bias or prejudice they might have had against him since he was in prison at the time of the alleged offense, (b) failed to object to expert testimony and a report due to lack of proper notice, (c) failed to object to hearsay testimony and records introduced in violation of Article 38.072 of the Texas Code of Criminal Procedure, and (d) failed to object to counseling records based on the State's failure to comply with discovery; (2) the cumulative effect of the multiple errors by trial counsel constitutes reversible error; and (3) the Texas appellate framework for ineffective assistance of counsel claims is unconstitutional, fundamentally unfair, and violates the Fourteenth Amendment and the Sixth Amendment.

Upon review, we find that Wallace has not met his burden of demonstrating that his trial counsel was ineffective, there is no cumulative error, and the Texas appellate framework is not unconstitutional.  As a result, we affirm.

---

[1]This is a pseudonym.  We use pseudonyms to protect the identity of "any person who was a minor at the time the offense was committed."  TEX. R. APP. P. 9.10(a)(3).

## I.     Factual Background[2]

On June 23, 2022, Wallace was indicted in Fannin County, Texas, for continuous sexual abuse of a child under fourteen. Thereafter, on May 18, 2023, the State filed a superseding indictment against Wallace.

The superseding indictment alleged as follows:

> **HICKMAN SCOTT WALLACE,** Defendant, did then and there during a period that was 30 or more days in duration, namely from, on, or about July 4, 2016 through November 3, 2018, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against Rosey Smith, a child younger than 14 years of age herein after referred to as the Complainant, to wit: did intentionally and knowingly cause the sex organ of the Complainant to contact the mouth of the Defendant; and with the intent to arouse or gratify the sexual desire of the Defendant, engage in sexual contact with Complainant by touching the genitals of the Complainant; and intentionally and knowingly cause the penetration of the sexual organ of the Complainant by the Defendant's finger.

At the time he was indicted, Wallace was in prison for family violence assault causing bodily injury with a previous conviction. He was serving a fifteen-year sentence.

On August 26, 2022, Wallace applied for court-appointed counsel, and the trial court found him to be indigent. The trial court appointed counsel for Wallace. Thereafter, from November 27 to December 5, 2023, Wallace was tried by a jury. At the conclusion of the trial, the jury found Wallace guilty of continuous sexual abuse of a child under fourteen and assessed Wallace's punishment at life in prison.

---

[2]Because Wallace's claims relate to his counsel's alleged ineffectiveness, we will only address the facts relevant to that analysis.

## II. Wallace Has Not Met His Burden of Demonstrating His Trial Counsel Was Ineffective

Wallace raises four claims of ineffective assistance of trial counsel. In our analysis below, we will address each of these four claims separately.

### A. Standard of Review

The Sixth Amendment to the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We "look to the totality of the representation" in evaluating the effectiveness of counsel. *Auld v. State*, 652 S.W.3d 95, 113 (Tex. App.—Texarkana 2022, no pet.).

Further, while ineffective assistance of counsel claims may be raised on direct appeal, "[g]enerally, a writ of habeas corpus is the preferred vehicle for ineffective assistance [of counsel] claims." *Ex parte Okere*, 56 S.W.3d 846, 855 (Tex. App.—Fort Worth 2001, pet. ref'd) (citing *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999)). The Texas Court of Criminal Appeals gives preference to a collateral attack, as opposed to a direct appeal of ineffective assistance of counsel claims, because "[i]n the majority of instances, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel." *Thompson*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999) (citing *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (per curiam)).

Since Wallace is directly appealing his ineffective assistance of counsel claims, we will consider those claims here. As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

4

"[T]o prevail on a claim of ineffective assistance of counsel, [the defendant] must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, [687–88] . . . (1984)." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

To prove ineffective assistance of his counsel, Wallace must show (1) that trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687–95 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). "A reasonable probability [means] a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## B. The Silent Record Prevents Wallace from Meeting the First *Strickland* Prong

Under the first *Strickland* prong, "the defendant must prove, by a preponderance of the evidence, that there is . . . no plausible professional reason for a specific act or omission." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Accordingly, judicial scrutiny of counsel's performance must be highly deferential, and "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

5

We apply a strong presumption that trial counsel was competent and presume that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Also, when an appellate record is silent on why trial counsel failed to take certain actions, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson*, 9 S.W.3d at 814. Wallace raises four claims of ineffective assistance of counsel. As outlined in further detail below, we find, as to each claim, that Wallace has not met his burden under the first prong of *Strickland*.

### 1.      Failure to Question the Jury Panel Regarding Bias or Prejudice

Wallace claims his trial counsel was ineffective because he failed "to question the jury panel as to any bias or prejudice that might [have] exist[ed] against a defendant charged with continuous sexual assault when the defendant was in prison for a felony offense at the time of the alleged offense." We find that Wallace has not met his burden of demonstrating his counsel was ineffective under the first prong of *Strickland*.

During the trial, Wallace's counsel attempted to question the jury on whether they would be biased or prejudiced towards Wallace because he was in prison. Prior to questioning the jury on that issue, Wallace's counsel requested permission from the trial court to question the panel on that issue. In response to that request, the trial court instructed counsel to not directly question the jury regarding the facts in Wallace's case and to only question the jury in

6

hypotheticals. Despite being given permission to question the jury in hypotheticals, Wallace's counsel declined to do so.

Under the present facts, we find there are conceivable reasons Wallace's counsel made the strategic decision to not question the jury panel regarding Wallace's prison status through hypothetical questions. For example, Wallace's counsel may have wanted to avoid focusing the panel on Wallace's criminal history. Wallace's counsel instead may have wanted to leave the impression with the jury that he trusted their judgment, even in a difficult case with sexual abuse allegations and where the accused was in prison.

Further, Wallace's counsel may have considered that the hypothetical questions would be limited to include only a person in prison with a prior felony history and no explanation as to the specific felony. That might have led the jury to conclude that Wallace, as the hypothetical individual, had a prior felony history for sexual assault, which he did not. Such an insinuation may have done far more harm than good at such an early stage of the trial.

Because there are conceivable valid reasons for the decision to not question the panel on this issue, we find that Wallace cannot meet his burden of demonstrating his trial counsel was ineffective on this basis under the first *Strickland* prong. *See Sabella v. State*, 578 S.W.3d 137, 142–43 (Tex. App.—Texarkana 2019, no pet.) (considering a silent record and finding the appellant had not met his burden of establishing the first prong of *Strickland*).

### 2. Failure to Object to Expert Testimony and Report Due to Lack of Notice

Wallace claims his trial counsel was ineffective because he failed "to object to the expert testimony and report of Misty Edzards due to lack of proper notice." Wallace claims the State

7

did not disclose Misty Edzards in its amended expert witness notice on June 20, 2023. Thus, he claims Wallace's counsel should have objected to her testimony. We find that Wallace is incorrect and that the State did properly disclose Misty Edzards as a testifying expert witness.

The State provided three different notices of testifying expert witnesses. Those were provided on April 20, June 20, and October 3, 2023. In the October notice, Misty Edzards[3] was listed as a testifying expert witness. Because she was properly disclosed as a testifying expert witness, we find no basis for Wallace's counsel's objection.[4] We also find that Wallace has not met his burden of establishing his counsel was deficient under the first prong of *Strickland*. *See, e.g.*, *Patrick v. State*, 906 S.W.2d 481, 496 (Tex. Crim. App. 1995) (recognizing it is not ineffective assistance of counsel to make a meritless objection because the decision to not make that objection is "within bounds of professional competence"); *see also Tutt v. State*, 940 S.W.2d 114, 118 (Tex. App.—Tyler 1996, pet. ref'd) (finding "trial counsel is certainly not ineffective for failure to make meritless objections").

### 3. Failure to Object to Hearsay Testimony and Counseling Records

Wallace claims he was "denied effective assistance of counsel for [his] trial counsel's failure to object [to] the hearsay testimony and counseling records of Stephanie Templeton introduced in violation of Texas Code of Criminal Procedure art. 38.072." Wallace claims Article 38.072 is a statutory hearsay exception with specific requirements that must be satisfied before evidence may be admitted. Wallace claims the State did not satisfy the Article 38.072

---

[3]In the October 3 notice, her name is listed as "Misty Edzard." At trial, she stated her name is "Misty Edzards." We will use the spelling "Misty Edzards."

[4]The State's third notice, dated October 3, 2023, was also properly disclosed within the disclosure time period required by Rule 39.14(b). *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (Supp.).

8

requirements prior to offering the hearsay testimony and counseling records of Templeton. Because he did not object, Wallace claims his counsel was ineffective. Upon review, we find Wallace's counsel was not ineffective for failing to object to those records and that testimony.

First, despite Wallace's claim to the contrary, Templeton's counseling records were not offered under Article 38.072 but were instead offered under the hearsay exception for business records in Rule 803(6) of the Texas Rules of Evidence. Under Rule 803(6), one exception to the hearsay rule includes "Records of a Regularly Conducted Activity." TEX. R. EVID. 803(6). "A record of an act, event, condition, opinion, or diagnosis" is admissible if the following five requirements are met:

(A)     the record was made at or near the time by–or from information transmitted by–someone with knowledge;

(B)     the record was kept in the course of a regularly conducted business activity;

(C)     making the record was a regular practice of that activity;

(D)     all these conditions are shown by the testimony of the custodian or another qualified witness, or by an affidavit or unsworn declaration that complies with Rule 902(10); and

(E)     the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

TEX. R. EVID. 803(6).

Templeton testified at trial regarding her practice of keeping those records:

Q.     [By the State]     Okay. I want to talk with you now specifically about a child. Do you . . . know a child named [Rosey Smith]?

A.     [By Templeton]     Yes.

9

Q.     And is she someone that you saw and provided therapy - - trauma therapy for?

A.     Yes.

Q.     Okay.  And how long ago was that, if you recall?

A.     Started in December of 2018 through July of 2019.

Q.     And as part of the therapy, do you keep records?

A.     Yes.

Q.     Do you keep notes of all of the individual visits that you have?

A.     Yes.

Q.     Do you keep notes of the tests and the forms that you provide?

A.     Yes.

Q.     Okay.  And are those kept as part of the ordinary course of your - - your business as a therapist?

A.     Yes, we're required to keep records.

The State then moved to admit Templeton's counseling records, and Wallace's counsel did not object to the admission of her records.  Based upon Templeton's testimony regarding those business records, we find Wallace's counsel was not ineffective for failing to object to their admission under Article 38.072.  Indeed, where, as here, such an objection would be without merit because the business records were admissible, there is no ineffective assistance of counsel under *Strickland.*

Second, Wallace's counsel was not ineffective for failing to object to Templeton's testimony at trial.  At trial, Templeton's testimony was primarily directed at explaining her

10

counseling records. Her testimony was largely duplicative of those records. Because the record is silent on this issue, we should consider whether this failure to object was a potentially valid trial strategy. We find that it was. Where testimony is duplicative of other unchallenged evidence that was previously admitted during the trial, any error admitting that evidence is generally harmless. *See, e.g.*, *Josey v. State*, 97 S.W.3d 687, 698 (Tex. App.—Texarkana 2003, no pet.).

We find that Wallace's counsel could have been aware of that rule and may have used the viable trial strategy of not objecting to her testimony so as not to raise a potentially meritless objection and draw further attention to Templeton's testimony. Because we find trial counsel's failure to object both to the admission of Templeton's counseling records and to Templeton's testimony could have been based upon a potentially valid trial strategy, we find that Wallace has not met his burden of demonstrating his counsel was ineffective under the first prong of *Strickland*.

### 4. Failure to Object to Counseling Records Based Upon State's Failure to Comply with Discovery

Wallace claims the State did not provide him, prior to trial, with Rosey's counseling records or any records associated with Templeton. Wallace claims this is despite the fact that his attorney had requested those items and the State had agreed with Wallace's request. Wallace claims, "The notice of discovery [from the State] does not identify Rosey's counseling records, or any records associated with Stephanie Templeton." Wallace claims his attorney should have objected to the State's failure to produce the counseling records prior to trial. We find that Wallace has not met his burden of demonstrating his counsel was ineffective under *Strickland.*

11

As an initial matter, Templeton was disclosed as a testifying expert witness. Wallace's counsel was also made aware of Templeton's counseling records as early as July 17, 2023, when the State filed a motion for protective order related to those documents. In that motion, Wallace was informed that "the State ha[d] subpoenaed . . . the therapy records of the victim, kept by her therapist, Stephanie Templeton, MS, LPC, RPT."

Because he had notice of those records as early as July 2023, Wallace's counsel could not have claimed at trial that he was unaware of those records or was surprised by them. Because he had been aware of them for approximately four months before trial, he could have decided to not object to their admission on the basis that the State did not produce them as a part of discovery.[5] Wallace's counsel may have chosen not to draw further attention to those records and be potentially disingenuous with the trial court. Because the record is silent on his trial strategy and because we find there was a possible viable trial strategy, Wallace has not met his burden of establishing the first *Strickland* prong.

## C. There is No Cumulative Error

Wallace claims, "The cumulative effect of the multiple errors by Appellant's trial counsel constitutes revers[i]ble error." As Wallace argues, "The combined effect of the multiple errors and omissions by trial counsel undermines the confidence in the verdict and results in Appellant not being provided effective assistance of counsel as guaranteed by the constitutions of both the United States and the State of Texas." We find no cumulative error.

---

[5]In its brief, the State claims it did produce those records. The State's notice of discovery does not, however, identify the counseling records as having been produced.

12

Under this doctrine, we must actually find an error or errors. *See Buntion v. State*, 482 S.W.3d 58, 79 (Tex. Crim. App. 2016) (finding because the "appellant has failed to prove error concerning each of these claims separately," there was "no cumulative harm"); *see also Uptergrove v. State*, 881 S.W.2d 529, 531 (Tex. App.—Texarkana 1994, pet. ref'd) (holding "[a]s we have found no error, the claim of cumulative error must fail as well"). Here, because we find no error or errors, we likewise find no cumulative error.

### III. Texas's Ineffective Assistance Appellate Framework Is Not Unconstitutional

As his final point, Wallace claims the entire statutory scheme in Texas for bringing ineffective assistance of counsel claims "is unconstitutional as it is fundamentally unfair and violates Appellant's Fourteenth Amendment due process right and his Sixth Amendment right to effective assistance of counsel." Wallace claims ineffective assistance of counsel claims cannot be fully developed due to the tight appellate deadlines and the motion for new trial deadline. As Wallace states, "Appellate counsel has no opportunity to develop the record as Appellate counsel does not receive the full record to read or analyze until the time to file a motion for new trial has expired." Upon review, we find that this framework is not unconstitutional.

We are bound by the precedent of the Texas Court of Criminal Appeals, and we apply the framework developed through that precedent to this appeal. As a result, we find that this issue is without merit. *See, e.g.*, *Griffith v. State*, 507 S.W.3d 720, 723 (Tex. Crim. App. 2016) (Hervey, J., concurring).

13

## IV.      Disposition

We affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:      July 8, 2024
Date Decided:        July 9, 2024

Do Not Publish